IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOLY BIBLE WAY § | |
| BAPTIST CHURCH § | |
|     *Plaintiffs,* § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO: _____ |
| § | |
| § | |
| § | |
| WRIGHT NATIONAL FLOOD § | |
| INSURANCE COMPANY § | |
|     *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Plaintiff Holy Bible Way Baptist Church who files this Complaint against Defendant Wright Flood Insurance Company on the grounds set forth below:

### I.    Jurisdiction & Venue

    1.    This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 *et seq.*; and federal common law.

    2.    This breach of contract action involves a Standard Flood Insurance Policy ("SFIP"), 44C.F.R. Pt. 61, Appx. A(1), that Insurers provided to Plaintiff pursuant to the NFIA.

    3.    Pursuant to 42 U.S.C. § 4072, federal courts, like this Court, have original, exclusive subject matter jurisdiction over cases involving disputed federal flood insurance claims proceeds, regardless of the amount in controversy.

4.     Federal courts, like this Court, have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves an insurance contract that is a federal regulation found at 44 C.F.R. Pt. 61, Appx. A(1), that was issued pursuant to the NFIA, and thus this matter involves federal questions—including the application of federal statutes and federal regulations.

5.     This Court also has jurisdiction because the parties contractually agreed that the policyholders must bring any claim or claims handling disputes related to the insurance policy in this Court because the insured property (identified more fully below) is located in the Southern District of Texas.

6.     This Court has personal jurisdiction over Defendants because Defendants do business in and are authorized to do business in the State of Texas and because Defendants issued a policy of insurance covering property that is located in Houston (Harris County), Texas.

7.     Venue of this action is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. §1391(c), and 42 U.S.C. §4072.

## II. PARTIES

8.     Holy Bible Way Baptist Church, is the owner of the insured property located at, 100 E. Tidwell Rd., Houston, TX 77022.

9.     Wright Nation Flood Insurance Company is a foreign insurance company authorized and presently doing business in Houston, Texas, with NAIC Code 11523.  Defendant may be served with service by serving its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

10. At all times relevant, Defendant was a Write-Your-Own ("WYO") Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.

11. Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy.

12. Pursuant to 44 C.F.R. Section 62.23 (i)(1), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

### III. Factual Background

13. Plaintiff own the insured property located at 100 E. Tidwell Rd., Houston, TX 77022. On or about August 26, 2017, Hurricane Harvey made landfall as a Category 4 hurricane settling in the lower Texas Gulf Coast, causing large amounts of rainfall throughout southeast Texas, including Houston and the surrounding arears and counties. Plaintiffs insured property was damaged as a result of Hurricane Harvey.

14. Plaintiff and Defendant are parties to the insurance contract. Plaintiff was assigned a flood insurance policy by Defendant. The Policy Number at the time of the loss was 42 1150230958 07. The NFIP Policy Number was 1150230958

15. Defendant sold Plaintiff the policy insuring the property that is the subject of this lawsuit. Plaintiff's property suffered significant and catastrophic losses with respect to the flood caused by Hurricane Harvey.

16. At the time the insured property was damaged as a result of Hurricane Harvey flood waters, the insured property was located in Flood Risk/Rated Zone: AE.

17. The insureds property is a commercial building. A church.

18. Plaintiff submitted a claim to Defendant.

19. Defendant assigned Plaintiff a claim number.

20. Defendant assigned the claim to independent adjuster Dan Snow to adjust the claim and assess the damage.

21. Defendant and Dan Snow negligently concluded there was limited damage to the insured property and that some of the damage to the insured property was not covered under the policy, even though the policy provided coverage.

22. Defendant hired and sent an adjuster to Plaintiff's property, and that adjuster, together with Defendant approval, prepared a damage estimate and Proof of Loss form that failed to comply with the provisions of the policy, Defendant's general company claims handling standards, and/or with NFIP claims manuals.

23. The Plaintiff were forced to sign and submit a Proof of Loss to the Defendant based on the insurance adjuster's inspection of the property in order to receive an initial damage assessment payment.

24. Ultimately, Plaintiff realized that numerous covered items had been omitted or underpaid by Defendant.

25. Because the adjuster's Proof of Loss and Defendant's payments based on the Proof of Loss failed to adequately compensate Plaintiff for all covered losses, Plaintiff retained independent experts to evaluate the extent of the flood loss caused by Hurricane Harvey.

26. The experts found conclusive evidence that the flood event critically damaged Plaintiff's covered property in an amount and scope far greater than what was found by Defendant's adjuster.

27. These covered damages were thoroughly documented, particularly for the flooring, insulation and sheetrock A valid and timely Proof of Loss and supporting documentation were submitted to Defendant for review.

28. Despite receipt of documentation evidencing Defendant's substantial underpayment, Defendant has unfairly and improperly persisted in denying these claims, which are due under the SFIP.

29. Defendant and Dan Snow negligently concluded there was limited damage to the insured property due to Hurricane Harvey flood water and that some of the damage and repairs were not covered under the policy, even though the policy provided coverage. Particularly the flooring, sheetrock and insulation.

30. Defendant wrongfully limited Plaintiff's claim for repairs to the insured property, particularly the flooring, sheetrock and insulation. Defendant refused Plaintiff's claim for certain repair even though the policy provided coverage for losses such as those suffered by Plaintiffs as

a result of Hurricane Harvey. Despite representatives for Plaintiff continually demanding payment for damages to the insured property as a result of Hurricane Harvey, but Defendant has refused to pay for the covered losses.

31. Furthermore, Defendant has refused to provide full coverage for damages sustained to the insured property. Additionally, Defendant continue to deny and delay payment for the damages to the insured property as a result of Hurricane Harvey, despite representatives for Plaintiff continually demanding payment for damages to the insured property as a result of Hurricane Harvey. As such, Plaintiff has not been paid in full for the damages to the insured property.

32. Defendant failed to perform its contractual duties to compensate Plaintiff under the terms of the policy. Specifically, Defendant refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damage to the insured property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Defendant conduct constitutes a breach of the insurance contract, breach of the duty of good faith and breach of its fiduciary duty.

33. Defendant misrepresented to Plaintiff that certain damage to the insured property, particularly the elevators, was not covered under the policy, even though the damage to the elevators was caused by a covered occurrence.

34. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendant was aware of its liability.

35. Defendant failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, despite the insured property suffering extensive damage.

36. Defendant failed to conduct a reasonable investigation of the damage to the insured property, particularly the flooring, sheetrock and insulation. Specifically, Defendans performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the insured property.

37. From and after the time Plaintiff's claim was presented to Defendant the liability of Defendant to pay the full claim in accordance with the terms of the policy were reasonably clear. However, Defendant refused to pay Plaintiff in full for all the covered damage as a result of Hurricane Harvey, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the duty of good faith and fair dealing.

38. Defendant knowingly or recklessly made false representations, as described above, as material facts and/or knowingly concealed all or part of material information from Plaintiff.

39. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain attorneys who are representing Plaintiff in this cause of action.

40. Defendant breached the insurance contract thus relieving Plaintiff of any corresponding obligation on the contract. Defendant refusal to accept liability without justification was unreasonable and unjust. Defendant's conduct is a violation of its duty of good faith and fair dealing during the claims process with Plaintiffs.

### IV. Claim for Relief: Breach of Contract

41. Paragraphs above are incorporated by reference.

42. Plaintiff and Defendant entered into an insurance contract when Plaintiff purchased and Defendant issued the SFIP.

43. The SFIP, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage to its Property by and from flood.

44. Plaintiff fully performed under the contract by paying all premiums when due, satisfying all SFIP requirements, and cooperating with Insurer regarding the flood insurance claim at issue in this lawsuit. Plaintiff complied with all conditions precedent to recovery by paying all premiums, timely notifying Defendant of the loss, and by providing timely and satisfactory Proof of Loss.

45. This is an action for damages resulting from the Defendant's breach of the SFIP. Moreover, it is "more than a contract: it is also a regulation of the Federal Emergency Management Agency, stating the conditions under which federal flood-insurance funds may be disbursed to eligible policy holders." *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001). As such, Insurer has violated federal law.

46. Plaintiff's Property sustained direct physical loss by flood and from flood, which is evidenced by physical changes to the property and particularly the elevators.

47. Defendant materially breached the insurance contract when it wrongly failed to pay Plaintiff for damages directly caused to the insured property, particularly the floors, sheetrock and insulation by or from the flood. Defendants also breached the contract by failing to perform other obligations it owed under the SFIP.

48. By virtue of its various breaches of contract, including its failure to pay Plaintiff for Plaintiff's covered losses (particularly the floors, sheetrock and insulation), Defendant is liable to and owes Plaintiff for the actual damages Plaintiff sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the covered property in accordance with the SFIP, together with interest and all other damages Plaintiff may prove as allowed by law.

49. Defendant's breach proximately caused Plaintiff's injuries and damages. All conditions precedent under the policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

## DAMAGES AND PRAYER

a. Paragraphs above are incorporated by reference.

b. Plaintiff complains of Defendant and prays Defendant be cited to appear and answer and on the final trial of the merits, Plaintiff recovers from Defendant the following:

c. Plaintiff would show that all of the above-mentioned acts, taken together or singularly, constitute the proximate of damages sustained by Plaintiff.

d. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claim, together with attorney's fees.

e. Such other and further relief as the Court may deem just and proper.

## JURY TRIAL

Plaintiff demands a jury trial and has tendered the appropriate fee.

Respectfully submitted,



By: /s/ James Carlos Canady
James Carlos Canady
Texas State Bar No.: 24034357
2323 South Shepherd Drive, Suite 805
Houston, TX 77019
Telephone No.: (713) 221-2551
Facsimile No.: (713) 221-2552
Email: ccanady@canadylawfirm.com

**ATTORNEYS FOR PLAINTIFF**